**FILED - KZ**
July 10. 2026 3:31 PM

U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
_ems_  Scanned by ES/7/13

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ERSV, a minor, by and through her
Next Friend Michella Smith, Jamie
Vermilyer,

      Petitioners/Plaintiffs,

v.

State of Michigan, Berrien County Trial
Court, Judge Brian S. Berger, Family
Division 811 Port Street, St. Joseph, MI 49085

      Respondents/Defendants,

_____/

Civil Case No.:  **1:26-cv-2049**
Robert J. Jonker, U.S. District Judge
Phillip J. Green, U.S. Magistrate Judge

**PETITION FOR WRIT OF
HABEAS CORPUS FOR
DECLARATORY AND**

## PETITION FOR WRIT OF HABEAS CORPUS

Plaintiffs Michella Smith and Jamie Vermilyer petitions this Court for a Writ of Habeas Corpus, pursuant to 28 USC § 2241 and the Administrative Procedure Act, 5 U.S.C. § 701, et seq., to remedy the continued unlawful detention by Respondents.  Petitioner hereby requests that an immediate hearing be set on this matter. Petitioner also requests that the minor be released during the pendency of this Petition.  In support of this Petition, Petitioner alleges as follows:

1.    Petitioners Michella Smith, Jamie Vermilyer, and the minor were born in the United States and were American citizens at the time when the minor was detained by the State of Michigan, Berrien County Social Services, and the Berrien County Trial Court.

2.    Minor is currently detained by the State of Michigan, Berrien County Trial Court, with the placement being given to Hope Network DART located at 3333 36th St. SE Grand Rapids, MI 49512.  Minor ERSV was detained on March 14, 2025.  Minor child has been transferred into two facilities for four hundred and seventy one days while suffering irreparable damage of significant physical abuse which violate legal protections as the minor is being held in conditions that are unsafe and contrary to statutory protections.  Additionally, psychological damage continues to injure as the minor child is under great duress as the habitation continues with the abusers.  Feelings of sadness concerning the physical and mental impact including the separation of the family have been difficult for all.

3.    ERSV's unlawful prolonged detention is the result of Berrien County Trial Court's illicit practices, withholding and falsifying evidence during discovery, fraud upon the court, fraud within the court, lack of transparency, conspiracy, limited consequences for misconduct, prosecutorial misconduct, habitual perjury, and violation of due process.  Due to these elements, the ineffective assistance of counsel during the trial has delivered severe emotional distress, profound fear, increased sensitivity, long-term damage from the abusive violence within both placements, with Abuse of Discretion from the Berrien County Trial Court/Family Division has made.  The inability of the court to profoundly manage decisions concerning the mandated behaviour and conduct must be governed in order to begin the healing process following the abuse in all mentioned areas of this writ.  The State of Michigan and Berrien County Trial Court/Family Division has a statutory and regulatory responsibility to promptly place minor ERSV in the least restrictive setting that is in the best interest of the child.  28 U.S.C. § 2241 grants federal courts the authority to issue writs of habeas corpus to challenge unlawful detention or the manner in which a sentence is being carried out.  34 U.S. Code § 20341 mandates child abuse reporting, which is intended to protect a child and not the abuser.  Americans with Disabilities Act, in accordance with

IDEA, further instructs professionals to direct all concerns of abuse for reporting in order to avoid harm and injury to a disabled child, and legal consequences of insubordination and penalties.  Berrien County Trial Court/Family Division has been made aware of the sufferings of ERSV while being detained with the refusal to administer assistance or intervene.

4. Despite federal legal obligation, the Berrien County Trial Court/Family Division has rejected any and all judicial fairness regarding ERSV's protection and the protection of plaintiff's Michella Smith and Jamie Vermilyer parental rights to protect the minor child. The reunification process has greatly failed due to the fraud within the court, and all repeated requests for fairness and pleas for pellucidity have been rejected.  The Berrien County Trial Court/Family Division failure to act promptly violates minor child ERSV's constitutional rights to due process and family integrity.  Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil cases where the matter in controversy arises under the Constitution, laws, or treaties of the United States.  This writ serves as an emergency measure to compel the return of minor ERSV to the plaintiffs under the All Writs Act 28 U.S.C. § 1651 which grants federal courts broad authority to issue any writs necessary or appropriate to aid their jurisdiction and to carry out their lawful duties.  The unlawful neglect and abuse occurring to the minor child ERSV negates the ethics mandates set forth of the the Berrien County Trial Court/Family Division and the Hope Network/ DART program under Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction under the U.S. Constitution – Article I, Section 9, Clause 2. The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.

6. The Court also has jurisdiction under 5 U.S.C. § 701, the Administrative Procedure Act.

7. This Court has additional remedial authority under 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act) and Fed. R. Civ. P. 65 to grant declaratory and injunctive relief.

8. Venue is proper in the Western District Court of Michigan because a substantial part of the events giving rise to these claims occurred and continue to occur in this district.

9. Venue is also proper under 28 U.S.C. § 2241 because minor child ERSV is detained within this district.

10. Assignment to the Southern Division is proper pursuant to Local Rule 28 U.S.C. § 2071 because Rule 83 of the FRCP apply to all civil cases in the district.

11. Petitioner ERSV is a fifteen-year-old non-verbal child in the custody of the Berrien County Trial Court/Family Division. She is detained at Hope Network DART facility in Grand Rapids, Kent County, MI. ERSV is trying to reunify with her mother Michella Smith and father Jamie Vermilyer in Michigan.

**CORE INJURY OF ARBITRARY**

12. ERSV has been detained after Berrien County social worker Katherine Allen made a claim that twenty-nine years and three months ago Plaintiff Michella Smith failed to attend a non-criminal custody hearing six hundred and forty two miles away however Plaintiff Smith was in natural active labor in a hospital in St. Joseph County, South Bend, IN and was unable to travel to Iosco County Michigan for the hearing in 1997. At that time the judge ordered custody to be given to the paternal father who did not know the two children despite the plea to adjourn, causing Plaintiff Michella Smith to lose custody of two girls. Social Worker

Allen and the court staff then presented a false claim to be put on the Berrien County Trial Court's record rejecting the birth certificate as evidence and allowed false testimony to be put on the record.

13. The State of Michigan, Berrien County Social Services, and the Berrien County Trial Court was made aware of the error through Plaintiffs' Michella Smith and Jamie Vermilyer yet no remedial recourse was allowed and the court declined to redact the error or set the record straight by all court staff and counsel leaving distress and harm concerning the outcome.

14. Court staff and counsel falsified the record by alleging another social worker substantiated a case of neglect thirty years and three months ago and criminally disparaged the truth causing defamation when a former case was never substantiated and lacked credibility.

15. Plaintiffs Michella Smith and Jamie Vermilyer were verbally imperilled by school teacher Jane Miller after Plaintiff Michella Smith communicated with the teacher that the school would be reported after becoming aware that the scales in the nurses chamber were malfunctioning and weighing incorrectly, indicating that the school had reported minor ERSV to the authorities falsely concerning the child's weight and that the minor child was not being fed correctly. Later Ms. Miller held to the court while under oath that minor ERSV came to school wearing the same diaper that had been worn on the previous school day fulfilling the imperilment. Other mis-information during the hearing was also given by Ms. Miller reinforcing the threat that Plaintiffs Michella Smith and Jamie Vermilyer would not be allowed to reveal pertinent information in the attempt to protect minor ERSV.

16. Plaintiffs Michella Smith, Jamie Vermilyer, and minor ERSV were denied protections after the Berrien County Trial Court rejected three PPO requests as Plaintiffs Michella Smith ET AL, further sought failed police protection from felon Jason Lemar Allen, who had been stalking, following, and threatening violence. During that time, Plaintiff Michella Smith

ascertained additional information confirming the federal arrest of former Constable Officer felon Benjamin Thomas Ferrell from Rusk County Texas, who later moved to Indiana after his release and was working with a new set of criminals from Indiana and Southwest Michigan.  The failed promised justice from local police and Berrien County Sheriff Deputies caused Plaintiffs Michella Smith and Jamie Vermilyer to seek outside assistance to protect minor ERSV as the stalking and threats continued.  In February of 2025 Plaintiff Michella Smith told teacher Jane Miller that they were taking minor ERSV to the National Down Syndrome Society located at 155 15th St NW Suite 540, Washington, DC 20005 and to further explore options in the Central business district that would offer protection from the harassment.  Ms. Miller maintained that she did not want minor child ERSV to leave town, and that would not be allowed, with further opposition of her concern as a teacher that she would prohibit the trip as she was not convinced of the claims.  Under 18 U.S. Code § 2261A stalking, threatening, impact on the victim's safety or emotional well-being is a federal offence which a victim has the right to an investigation.

17.  Rule 11of the Federal Rule of Civil Procedure require all judges to remain impartial and neutral in their role.  Judge Brian S. Berger must be held accountable as his colleague is Atty David Peterson, who is also a friend of former Berrien County Sheriff Paul Bailey. Fairness has not been exercised under Rule 11 as Plaintiff Michella Smith is divorced from Leonard Brown whom Atty David Peterson orchestrated the divorce.  Further, Leonard Brown served on the former sheriff Paul Bailey's re-election committee and donated thousands of dollars to the election campaign.  Judge Brian S. Berger was fully aware of these facts and proceeded to hear the case despite the rules.  During the hearing inappropriate remarks were made dismantling the credibility of Plaintiff Michella Smith. Defendants Berrien County Trial Court/Family Division and Brian S. Berger have violated Prima Facie Element rendering the case unfair.

18.    Federal Rules of Civil Procedure, 18 U.S.C. § 3283 makes it a federal crime to commit certain acts against a child under 18, including physical or sexual abuse, and removes the normal statute of limitations for such crimes. It applies to any person who commits these acts, including foster parents or guardians, and can be used to prosecute abuse regardless of the child's disability.  On 4/1/2025 minor ERSV bore a painful injury to her Patellar Tendon-knee area with bruising/pain.  Further, she bore a large bruise in the Thoracolumbar area of her back, and appeared to have been kicked as a result of the unlawful detention.  Minor experienced pain without the ability to speak concerning the injury, with the complaint being left abandoned.  Also, a faded bruise on the left side of the minor's neck was overlooked after Plaintiffs Michella Smith and Jamie Vermilyer brought forth a verbal complaint to Central Intake.

19.    Additional injury occurred on minor ERSV on 4/8/2025.  She bore bruises from being grabbed incorrectly.  There was a white circle close to a bruise on her left arm that is medically described as injury due to internal pressure limiting the blood flow to the surrounding skin.  Also there were red marks on the left side of ERSV's belly area which is the left quadrant of the upper abdomen-the redness appeared to be aggravation due to pressure.  Down further from these marks were additional injury in the lower quadrant. The line wrapped around back laterally to the left side of her backside.  ERSV's next injury was a bruise on the right above her groin area. She was unusually defensive, which is a result from illegal detention.

20.    On 7/2/2025 minor ERSV bore a severe burn injury on her right foot/ankle area that took four and a half months to heal, leaving a permanent scar which is a result from the illegal detention.

21.    On 7/11/2025, minor ERSV had a faded bruise on her left leg, and her face was badly injured with deep wounds and bruising on all sides of her face and nose.  This was reported

to authorities with no accountability while under the supervision of the State of Michigan, Berrien County Trial Court, Judge Brian S. Berger, Family Division.

22. Plaintiff Michella Smith made a medical appointment for ERSV with Dr. Donald Tynes July 11, 2025 at 11 AM to address the abuse and injuries. At 11:00 AM Plaintiff Michella Smith was at Dr. Tynes waiting for ERSV, and the minor child was not brought preventing the issues from being addressed. CAPTA authorizes federal funding and sets standards for child protection, including requirements for child welfare agencies to investigate and respond to abuse reports. Again this is a result from the illegal detention.

23. On July 15, 2025 at 2:18 PM Berrien County Social Workers denied Plaintiffs Michella Smith and Jamie Vermilyer a visit with after the social worker encountered a "serious mental health emergency" with the statement of needing to reschedule, which never happened. U.S. law strongly protects a parent's right to have regular contact with their child which has been an ongoing issue.

24. On 9/18/2025 minor ERSV was seen with filthy fingernails of human feces and dirt that carried a bad odor after the Hope Network/DART facility neglected to keep the minor child clean.

25. On 10/28/2025 parents of ERSV was given permission to see the minor child at the Hope Network/DART facility. Upon arrival to 3333 36th St. SE Grand Rapids, Plaintiffs Michella Smith and Jamie Vermilyer were stopped while walking in the parking lot and told to leave. The email detailed the permission for the visit, however no visit was allowed. When Plaintiffs Michella Smith and Jamie Vermilyer came back on Friday, Nov. 21, 2025 the minor child was found with blood injury at 5:15 PM to the skin on the backside area consistent with injury from being struck with a metal object of great force. When asked for the child to be seen at the local ER, the request was denied for twenty-eight days. Nearly one month later minor ERSV was finally taken. Additional injury also was left on minor

ERSV with her left elbow being bruised and the skin broke open forming a larger scab from appeared to be shoved or pushed. These injuries occurred as a result of being detained.

26. On 12/23/2025 social workers brought minor ERSV to the Social Services building for a visit. The minor child was filthy at 10:39 AM. Her feet were caked with dirt, with a splinter and hair protruding from the left foot. The socks were filthy with holes, and another injury to the back of the head/neck area and in the hairline.

27. On 1/2/2026, social workers failed to bring minor ERSV to the Berrien County Social Services building after confirming the appointment. No phone call was initiated cancelling the visit, however Plaintiffs Michella Smith and Jamie Vermilyer attempted to call multiple times. After failing to show, another visit was collaborated for 1/9/2026. When the minor child arrived with the driver, ERSV could barely walk due to a significant right knee injury leaving the minor child under severe duress and in horrible pain. ERSV's father Jamie Vermilyer had to carry the child as it was difficult to walk. No remedy, explanation, or description was offered, and the child rode in an office chair as no wheelchair was available to assist the injured handicapped child exit the building. As the workers took ERSV into a private hallway the child could be heard crying while exiting.

28. On 4/4/2026 at 4:46 PM, minor child ERSV was found again dirty with filthy feet, dirty socks with holes, new bruises, and the minor was upset and crying. Amid the complaints, no remedy was offered.

29. On 3/3/2026 at 5:06 PM, minor child ERSV obtained another large skin injury on her right leg above the knee that was no longer bleeding and was attempting to heal. The injury was a scrape/abrasion and painful to move the leg. This injury is a result of being illegally detained.

30. On 6/18/2026, minor ERSV was forced to return back into the DART facility as she became exceedingly angry.  At 5:41 PM ERSV refused to walk into the door and dropped to the ground in an effort to deter her abusers.

31. When a minor, especially one with disabilities, is unlawfully detained, U.S. law provides both constitutional protections and specific statutory obligations that govern their care, custody, and release.  On 1/30/2026 ERSV bore bruises on her peri-area and was bleeding. Mother Michella Smith witnessed the bruising and attempted to report it.  To no avail has accountability been provided.  Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) prohibits discrimination and that services shall be made available.

## LEGAL BASIS

32. The APA (5 U.S.C. § 706(2)(E)) provides that courts may invalidate agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law". Minor ERSV has become a victim physical, mental, emotional, and sexual abuse from the unlawful detention.

33. Under 28 U.S.C. § 2241, a writ of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts, or any circuit judge within their respective jurisdictions.

## PRAYER FOR RELIEF

34. Petitioner prays that the Court assume jurisdiction over this Petition and Complaint and grant the following relief:

a. Issue a Writ of Habeas Corpus compelling Respondents to release ERSV to the custody and care of the Plaintiffs Michella Smith and Jamie Vermilyer.

b. A declaratory judgement that Respondents have violated ERSV's constitutional and statutory rights.

c. An injunction prohibiting ERSV's continued custody by the State of Michigan, Berrien County Trial Court, because suitable parents have a constitutional right to rear and raise their children.

d. Any other relief the Court deems just and proper.

Dated:

Respectfully submitted,

VERIFICATION PURSUANT TO 28 U.S.C. § 2241

I represent Petitioner, ERSV, and submit this verification on his/her/their behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this ___ day of ___, 2026.

Date: Respectfully Submitted,